IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOY R. JENSEN,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, a Utah Corporation, Department of Family and Preventive Medicine,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-202-DB<br><br>District Judge Dee Benson |

  Before the court is Defendant's Motion for Partial Dismissal. (Dkt. No. 6.) In its Motion, Defendant seeks dismissal of Plaintiff's First Cause of Action for failure to exhaust administrative remedies, dismissal of the portion of Plaintiff's Second Cause of Action based on age discrimination because it is barred by the Eleventh Amendment, and dismissal of Plaintiff's Third and Fourth Causes of Action because they are preempted by the Utah Antidiscrimination Act of 1965 ("UADA"). (*Id.*) The Motion has been briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## BACKGROUND

  From March 19, 2009 to February 28, 2015, Plaintiff was employed as an Executive Secretary in Defendant's Department of Family and Preventive Medicine, Division of Utah Physician Assistant Studies. (First Amended Complaint ("Compl."), Dkt. No. 5 at ¶ 15.) On

January 26, 2015, Defendant gave Plaintiff a "Memorandum Notification of Termination" of her employment with Defendant, to be effective February 28, 2015. (*Id.* at ¶ 19.) The Notification provided that "[t]his action is necessary due to a determination that there is not enough work to justify your position[.]" (*Id.*)

On July 28, 2015, Plaintiff filed a discrimination charge with the Utah Anti-Discrimination & Labor Division (the "Division"), alleging that she had been discriminated and retaliated against on the basis of age and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the UADA. (*Id.* at ¶ 12.) The Division—through the work-share agreement referenced in U.C.A. § 34A-5-107(1)(d)—transferred the Charge to the Equal Employment Opportunity Commission (the "EEOC"). (*Id.*) Plaintiff received a Right to Sue letter from the EEOC on September 16, 2016. (*Id.*) Plaintiff initiated suit on March 20, 2017. (Dkt. No. 2.)

## DISCUSSION

In her Memorandum in Opposition to the Motion for Partial Dismissal, Plaintiff states that she does not oppose Defendant's arguments for dismissal of her First, Third, and Fourth Causes of Action—her gender discrimination and contractual claims. (Dkt. No. 12, p.1, fn.1.) Accordingly, Plaintiff's First, Third, and Fourth Causes of Action are hereby DISMISSED.

With respect to Defendant's contention that Plaintiff's age discrimination claims are barred by the Eleventh Amendment, Plaintiff argues that "[t]he Division's transfer of Jensen's claim to the EEOC should operate as a waiver of immunity and allow Jensen to proceed on her ADEA claim." (Dkt. No. 12, p. 4.) Plaintiff argues that, absent an inferred waiver of sovereign immunity upon the Division's transfer of a charge to the EEOC, the statute allowing transfer

would violate the Open Courts Clause of the Utah Constitution with respect to age discrimination claims made by state employees, because it would deprive them of their ability to vindicate the rights set forth in the UADA.

The UADA prohibits employers from terminating, retaliating, or otherwise discriminating against their employees on the basis of race, color, sex, pregnancy, age, religion, national origin, disability, sexual orientation, or gender identity. U.C.A. §34A-5-106 (2017). The State of Utah and its political subdivisions are expressly included within the UADA's definition of "employer." U.C.A. § 34A-5-102(1)(i)(i)(A). To institute an action under the UADA, a plaintiff must "file a request for agency action within 180 days after the alleged discriminatory or prohibited employment practice occurs." U.C.A. § 34A-5-107(1)(c). The UADA authorizes the Division to "transfer a request for agency action filed with the division…to the [EEOC] in accordance with a work-share agreement…." U.C.A. § 34A-5-107(1)(d). The ADEA prohibits employment discrimination on the basis of age, but does not abrogate State sovereign immunity. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000).

Here, the court need not address Plaintiff's Open Courts constitutional contention, because Plaintiff failed to file her charge of Discrimination with the Division within 180 days of her adverse employment action. An age discrimination claim accrues, and the 180-day limitation clock begins to run, "when the disputed employment practice—the demotion, transfer, firing, refusal to hire, or the like—is first announced to the plaintiff." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011). Plaintiff received the "Memorandum Notification of Termination" of her employment with Defendant on January 26, 2015. (Compl. at ¶ 19.) Plaintiff filed her Charge of Discrimination 183 days later, on July 28, 2015. (*Id*. at ¶ 12.) Thus, although

Plaintiff filed her Charge of Discrimination well within the 300-day statute of limitations for ADEA claims, Plaintiff failed to file her Charge within the 180-day limitations set forth in the UADA. Furthermore, Plaintiff's timely age discrimination claims under the ADEA are barred by the Eleventh Amendment. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000). Accordingly, Defendant's Motion to Dismiss the portion of Plaintiff's Second Cause of Action alleging age discrimination in violation of the UADA and the ADEA is hereby GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff's First, Third, and Fourth Causes of Action, as well as the portion of Plaintiff's Second Cause of Action alleging age discrimination are hereby DISMISSED.

DATED this 10th day of August, 2017.

BY THE COURT:

Dee Benson
United States District Judge